**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | No.: 25-cr-16-NT |
| STEVEN PARKER | |

**AGREEMENT TO PLEAD GUILTY**
**(WITH STIPULATIONS AND APPEAL WAIVER)**

The United States of America, by and through Craig M. Wolff, Acting United States Attorney for the District of Maine, and Sheila W. Sawyer, Assistant United States Attorney, and Steven Parker (hereinafter "Defendant"), acting for himself and through his counsel, Murdoch Walker, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea</u>. Defendant agrees to plead guilty to both counts of the Indictment pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count One of the Indictment charges Defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); Count Two of the Indictment charges Defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

2.<u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

<u>Count One</u>

   A. A mandatory minimum prison term of five years and a maximum prison term of twenty years;

  B.  A maximum fine of 250,000;

  C.  A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea, as well as an assessment of not more than $35,000 pursuant to 18 U.S.C. § 2259A(a)(2), and an assessment of $5000, if Defendant is found to be non-indigent, pursuant to 18 U.S.C. § 3014(a); and

  D.  A term of supervised release of not less than five years and not more than life. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583. However, if Defendant is required to register under the Sex Offender Registration and Notification Act and commits an offense under chapter 109A, 110, 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, Defendant understands that the Court must revoke Defendant's term of supervised release and impose a term of imprisonment of not less than 5 years pursuant to 18 U.S.C. § 3583(k).

Count Two

  A.  Because some of the material depicted a prepubescent minor under the age of 12, a maximum term of imprisonment of twenty years;

  B.  A maximum fine of 250,000;

  C.  A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea, as well as an assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A(a)(1), and an assessment of $5000, if Defendant is found to be non-indigent, pursuant to 18 U.S.C. § 3014(a); and

  D.  A term of supervised release of not less than five years and not more than life. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583. However, if Defendant is required to register under the Sex Offender Registration and Notification Act and commits an offense under chapter 109A, 110, 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, Defendant understands that the

    Court must revoke Defendant's term of supervised release and impose a term of imprisonment of not less than 5 years pursuant to 18 U.S.C. § 3583(k).

Defendant understands that in addition to the other penalties provided by law, the Court must also order him to pay restitution to the victim or victims of the offense of conviction, pursuant to 18 U.S.C. § 2259. Under 18 U.S.C. § 3663(a)(3), Defendant agrees that in addition to the restitution required by 18 U.S.C. § 2259, the Court may also order that he pay restitution to relevant conduct victims, including victims depicted in any images he possessed. Defendant understands that it will require him to pay every victim the full amount of the victim's losses as determined by the Court. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c) and the term "full amount of the victim's losses" is defined by 18 U.S.C. § 2259(c)(2).

  3. <u>Agreements Regarding Sentencing</u>. The Government agrees to make the following non-binding recommendations as to sentencing:

    A. The Government agrees to recommend that the Court find that the Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct.

The parties expressly agree and understand that should the Court reject the recommendations of the Government, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B. A sentence of imprisonment that does not exceed six years.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of years mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>New Criminal Conduct</u>. Defendant agrees that he will not commit any other federal or state crime.

6. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

      B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

    7.    <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

    8.    <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including but not limited to the following assets: (1) A Samsung Android smart phone bearing serial/ID number R5CX51YQDMP; (2) a Cyber Power desktop computer bearing serial/ID number ET2990-1563; (3) a Western Digital 240GB solid state drive bearing serial/ID number 201129802715; (4) a Seagate 1TB hard disk drive bearing serial/ID number ZN1TKCMD; (5) an Asus laptop computer bearing serial/ID number 6N0CB582399265; (6) a 750GB Samsung hard disk drive bearing serial/ID number S330J9JF800918; (7) a

500 GB Seagate hard disk drive hearing serial/ID number 5VM06K4C; (8) a 1TB Toshiba hard disk drive bearing serial/ID number 35UAPF3MT; and (9) a Samsung Android smart phone bearing serial/ID number R38J70HZKDN.

9. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 9/15/25

_____
STEVEN PARKER, Defendant

I am legal counsel for Steven Parker. I have carefully reviewed every part of this Agreement with Steven Parker. To my knowledge, Steven Parker's decision to enter into this Agreement is an informed and voluntary one.

Date: 9/15/25

_____
Murdoch Walker, Esquire
Attorney for Defendant

6

FOR THE UNITED STATES:          Craig M. Wolff
                                Acting United States Attorney

Date: June 23, 2025             _____
                                SHEILA W. SAWYER
                                Assistant U.S. Attorney


                    Approved:   _____
                                Supervisory Assistant U.S. Attorney


Revised 4/11/2022

7